**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **AMANDA H.,** | : | |
| | : | **Case No. 2:25-cv-00671** |
| **Plaintiff,** | : | |
| | : | **Judge Algenon L. Marbley** |
| **v.** | : | |
| | : | **Magistrate Judge Peter B. Silvain, Jr.** |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter is before this Court on Plaintiff Amanda H.'s Objection (ECF No. 15) to the Magistrate Judge's June 30, 2026, Report and Recommendation. (ECF No. 14). Upon independent review and for the reasons stated below, the Report and Recommendation is **ADOPTED** and Plaintiff's Objection is **OVERRULED**.

## I. BACKGROUND

On May 11, 2022, Plaintiff Amanda H. applied for Period of Disability, Disability Insurance Benefits, and Supplemental Security Income alleging arthritis, chronic pain, and mental illness beginning June 1, 2020. (ECF No. 7 at 1–5). Her application was initially denied and was denied again on reconsideration. (*Id.* at 1). On February 20, 2024, Administrative Law Judge Harmon held an online video hearing to evaluate Plaintiff's case. (*Id.*). As a part of determining whether Plaintiff has a disability as defined in the Social Security Act, Plaintiff was assessed by two state agency psychological consultants, Dr. Kristin Haskins and Dr. Audrey Todd.

Applications for both Disability Insurance Benefits and Supplemental Security Income follow the same five-step evaluation process, as outlined by 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). The five-step evaluation proceeds as follows: step one considers work activity;

steps two and three assess medical severity; step four requires an evaluation of residual functional capacity; and step five examines residual function capacity, age, education, and work experience to determine if the applicant can adapt to other work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Judge Harmon's decision followed the five-step evaluation process as provided by regulations. (ECF No. 7 at 2–3). On April 1, 2024, Judge Harmon ultimately held that Plaintiff was not disabled since May 11, 2020, and Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income was denied. (*Id.* at 36).

Plaintiff appealed, claiming that Judge Harmon's decision was not supported by substantial evidence and was contrary to law and regulation. (ECF No. 1 at 2). Plaintiff contended that Judge Harmon: (1) improperly evaluated the evidence of the record; (2) made an improper residual functional capacity determination; and (3) as a result, made a finding that Plaintiff "could perform work existing in a significant number"—meaning there are jobs that exist in significant numbers in the national economy that Plaintiff can perform—that was not supported by substantial evidence on the record. (*Id.* at 2). Plaintiff's Statement of Errors clarified her position that Judge Harmon failed to evaluate properly the state agency opinions offered by Dr. Haskins and Dr. Todd. (ECF No. 8 at 7). Specifically, Plaintiff claimed that Judge Harmon failed to conduct a supportability analysis of the state agency psychologist's opinions.

The Magistrate Judge recommended that this Court affirm Judge Harmon's non-disability finding and enter judgement in favor of Defendant. (ECF No. 14 at 11). The Magistrate Judge found that Judge Harmon appropriately considered both supportability and consistency in evaluating the state agency psychologist's opinions. (*Id.* at 7–10).

Now, Plaintiff objects to the Magistrate Judge's findings. (ECF No. 15). Plaintiff claims that when Judge Harmon was evaluating the medical opinions of Dr. Haskins and Dr. Todd, he

failed to discuss supportability and incorrectly analyzed consistency. (*Id.* at 2–3). Thus, says Plaintiff, this Court should reverse and award Disability Insurance Benefits and Supplemental Security Income benefits, or, in the alternative, remand to the Commissioner for an appropriate consideration of the evidence under the law. (*Id.* at 3). In response, Defendant urges this Court to adopt the Magistrate Judge's recommendation and affirm denial of benefits. (ECF No. 14 at 1–2). This matter is ripe for review.

## II. STANDARD OF REVIEW

When a Magistrate Judge issues a Report and Recommendation on a dispositive matter and a party objects, the district court "must determine" the portions of the Report and Recommendation properly objected to "de novo." Fed. R. Civ. P. 72(b)(3). Upon review, the district court "may accept, reject, or modify, the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

## III. LAW AND ANALYSIS

Plaintiff urges this Court to reject the Magistrate Judge's recommendation, reverse the claim, and award benefits. (ECF No. 15 at 4). Plaintiff acknowledges that Magistrate Judge Silvain found that the supportability and consistency factors were both correctly analyzed but disagrees. Plaintiff accordingly objects to the Magistrate Judge's recommendation that the denial of benefits be affirmed. (*Id.* at 4).

Plaintiff's objection fails because it is too perfunctory. Although Plaintiff critiques the Administrative Law Judge's reasoning as being too difficult to "trace," (ECF No. 15 at 3), Plaintiff's objection suffers from a similar problem. Plaintiff's minimal objection barely engages with either the Magistrate Judge's Report and Recommendation or Judge Harmon's decision, let

alone the voluminous record. And although Plaintiff's objection is ostensibly to the Magistrate Judge's Report and Recommendation, she hardly engages with the Report and Recommendation at all. She simply says she "respectfully disagrees" with the Magistrate Judge's conclusion, without providing specific issues with the Magistrate Judge's decision. (*Id.* at 2). The general objections remained focused on Plaintiff's critiques of Judge Harmon's reasoning. This is insufficient, because an objection must specifically address the Magistrate Judge's reasoning. *Ruth T. v. Comm'r of Soc. Sec.*, 2026 WL 279041, at *2 (S.D. Ohio Sept. 17, 2026) (Marbley, J.); *Fields v. Lapeer 71-A Dist. Ct. Clerk*, 2 F. App'x 481, 482–83 (6th Cir. 2001) (finding objection waived where the objector "did not specifically address how the [magistrate judge's] report's factual and legal recommendations were incorrect").

Aside from assertions regarding Judge Harmon's errors, Plaintiff "does not explain how or provide any authoritative support as justification" for this Court to see how the Magistrate Judge erred, and this Court "is under no obligation to develop this argument on [Plaintiff's] behalf." *Teresa J. v. Comm'r of Soc. Sec.*, 2026 WL 2100182, at *3 (W.D. Ky. July 21, 2026); *see also McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("It is not sufficient for a party to mention [an] argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (citations omitted); *accord McCafferty v. Comm'r of Soc. Sec.*, 2023 WL 3737511, at *2 (6th Cir. May 31, 2023) ("We do not address arguments raised in a perfunctory manner.").

Even though Plaintiff does seek to incorporate her Statement of Specific Errors considered by the Magistrate Judge, (*see* ECF No. 15 at 2), that practice is "disfavor[ed]." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Courts generally find that such attempts "do[ ] not meet the specificity requirement and amount[ ] to a general objection." *Annabel v. Mich. Dep't of Corr.*, 2021 WL 3721288, at *1 (W.D. Mich. Aug. 23, 2021); *accord Mayer v. Anderson*, 2009 WL

1405842, at *1 (N.D. Ohio May 18, 2009). Given the Plaintiff's failure to engage with the Magistrate Judge's reasoning and address the legal basis for the objection, this Court construes this objection as a general objection, which is not sufficient to appeal the Magistrate Judge's recommendation. *Tyson R. v. Comm'r of Soc. Sec.*, 2026 WL 2686751, at *3 (S.D. Ohio Sep. 24, 2026) (Marbley, J.) (citing *Reitz v. McKay*, 2014 WL 6770139, at *1 (S.D. Ohio Dec. 1, 2014); *Howard v. Sec. of Health & Hum. Servs.*, 932 F. 2d. 505, 508–09 (6th Cir. 1991)). "[A] general objection is considered the equivalent of failing to object entirely." *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (ECF No. 15) is **OVERRULED**. This Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 14) and **DIRECTS** the Clerk of Court to **TERMINATE** this case.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 28, 2026**